# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MACHELLE D. KAUL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 10-0231-CG-C |
| BRETT ROBINSON GULF CORPORATION, et. al., | ) ) ) ) |
| Defendant, | ) ) |

## ORDER

On May 4, 2010, the plaintiff Machelle D. Kaul brought a lawsuit against Brett Robinson Gulf Corporation ("BRGC"), Larry Stricklin, and Lee Smith, claiming that she was subject to discrimination, retaliation, harassment, and wrongful demotion and termination due to her sex, national origin and religion. (Doc. 1). On August 31, 2010, this court dismissed Larry Stricklin and Lee Smith from the lawsuit. (Doc. 28). This matter is now before the court on BRGC's motion for partial summary judgment (Doc. 32) and Ms. Kaul's response (Doc. 43). For the reasons stated below, BRGC's motion for partial summary judgment is due to be **GRANTED.**

## FACTS

On April 24, 2008, Ms. Kaul filed a charge of discrimination with the Equal Employment Commission ("EEOC"). In her charge, Ms. Kaul alleged discrimination based on "SEX" and "RETALIATION" but not "RELIGION." She further provided the following narrative statement under penalty of perjury:

1

> I am a female who began my employment with the above named employer on April 11, 2007, as a security officer. In May 2007, I was promoted to sergeant. In August 2007, I filed a sexual harassment claim against subordinate officer. After an investigation was conducted he was terminated. In November 2007, the employer began to retaliate against me. Between November 2007 and December 2007, I was written up more than eight times. Other male employees who had committed the same and/or similar violations were not written up or disciplined. In February 2008, I was demoted because my supervisor stated that I did not make wise decisions as a supervisor. My shift was changed on a weekly basis whereas most senior officers have a set schedule with the same off days. I was later terminated on April 16, 2008, for unsatisfactory job performance after the employer implemented a new rule that I was not notified about.
>
> I believe I have been discriminated and retaliated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> (Doc. 32-1).

After BRGC provided an initial position statement responding to the allegations in Ms. Kaul's charge, Sheri Guenster, a federal investigator, sent a letter to BRGC's attorney on May 20, 2009, stating the following:

> [Ms. Kaul's] charge is assigned to me for investigation. I have reviewed and analyzed Respondent's position statement and other documents, but additional information is necessary to complete the investigation of this charge. Please submit a response to the following request for information…
>
> 1. Provide investigative notes, interviews, and the final investigative report for any investigation of harassment involving Charging Party.
>
> 2. To the extent not previously provided with Respondent's position statement, provide a copy of Charging Party's complete personnel file, including, but not limited to **all** disciplinary and discharge documents, performance evaluations, and status change forms.
>
> 3. Provide a list of employees who were assigned to the facility to which Charging Party was assigned during the period from April 2007 through April 2008…
>
> 4. Provide a copy of Respondent's policies and procedures with respect to discipline, probation, and discharge…
>
> (Doc. 32-2).

On July 6, 2009, Sheri Guenster sent another letter to BRGC's attorney that stated:

As you know, [Ms. Kaul's] charge was assigned to me for investigation. This is to advise you that I have completed my analysis of the evidence obtained during the investigation of this charge. Evidence indicates that Charging Party was discriminated against in retaliation for opposing what she reasonably believed to be unlawful employment discrimination. Evidence shows that Respondent disciplined, demoted, and discharged Charging Party in retaliation for complaining of sexual harassment.

Based on the evidence provided by the Respondent and the Charging Party, I intend to recommend to the Director that a finding of reasonable cause be issued. If you wish to submit any additional evidence which has not already been submitted, you may do so by **Monday, July 20, 2009**. If you fail to submit evidence which would alter the outcome of the investigation, I will forward the case to the District Director for appropriate action.

(Doc. 32-3).

On August 2009, EEOC District Director Delner Franklin-Thomas issued a Letter of Determination which provided:

Charging Party alleges that she was subjected to sexual harassment because of her sex (female) in violation of Title VII. Charging Party alleges that after she reported the alleged harassment to management, Respondent began disciplining her, and she was ultimately demoted and discharged. Respondent denies that Charging Party has been a victim of discrimination and contends that it took immediate and effective action upon learning of the alleged harassment. Respondent contends that Charging Party's disciplines, demotion, and discharge were justified.

The investigation revealed that Charging Party was hired by Respondent in April 2007 and promoted to Sergeant in or around May 2007. Evidence showed that Charging Party complained of sexual harassment on November 1, 2007, and Respondent took immediate and effective action to address the issue. Evidence showed that Respondent disciplined Charging Party numerous times in November, December, and January after she complained. Evidence indicated that Respondent demoted Charging Party in February 2008 and discharged her in April 2008. Evidence indicated that Respondent had not disciplined Charging Party at all in the six months prior to her complaint. The evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute has occurred.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful employment practice by informal methods of conciliation. Therefore, the Commission invites the parties herein to join with it in reaching a just resolution of this matter…

(Doc. 32-4).

As stated above, Ms. Kaul filed a complaint in this court on May 4, 2010. In that complaint, Ms. Kaul alleges that BRGC discriminated against her, in part, on account of her religion. (Doc. 1, p. 2). In her recitation of the pertinent facts, Ms. Kaul stated the following with regards to the religious discrimination:

> Larry [Stricklin] also knew that I had gone to Church every Sunday, and for a few weeks I was able to have Sunday off, then they had me work every Sunday, making it impossible for me to go to Church. I had told them again that I go to Church every Sunday, and they continued to schedule me on Sunday. My Church does not have a Sunday evening service, only morning, so when I worked afternoons I was able to go to Church before work every Sunday. This was Religious discrimination.

(Doc. 1, p. 9).

## **LEGAL ANALYSIS**

### **I. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250. (internal citations omitted).

4

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in [the non-moving party's] pleading; rather, its response .... must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving

party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

## II. Religious Discrimination

BRGC contends that the Ms. Kaul failed to exhaust her administrative remedies for her religious discrimination claim because she failed to present those claims for conciliation before the EEOC. (Doc. 33, p. 1). Filing an administrative claim of discrimination with the EEOC is a condition precedent to filing suit in this court under Title VII. Maynard v. Pneumatic Product Corp., 256 F.3d 1259, 1262 (11th Cir. 2001)(citing 42 U.S.C. § 2000e-5(e)). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec. Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994)(citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)).

This court agrees with BRGC and finds that Ms. Kaul failed to exhaust her administrative remedies for her religious discrimination claim because she failed to present those claims to the EEOC. First, the plaintiff did not check the box on her formal complaint with the EEOC indicating discrimination due to "religion," and she did not mention religious discrimination in her narrative statement. Furthermore, she never sought to amend her formal complaint with the EEOC to add an alleged claim based on her religion. Compare Sanchez, 431 F.2d at 461 (permitting a suit based upon national origin when the claimant only checked the box indicating discrimination due to "sex" on her EEOC charge because the plaintiff had sought to amend the

administrative charge to add a claim of national origin after the time for filing a charge had expired.).

Second, there is no mention of religion or religious discrimination at any point during the administrative process, and the undisputed evidence shows that the focus of the administrative proceedings was to evaluate the plaintiff's claim of sex-based discrimination and retaliation. See Chanda v. Engelhard/ICC, 234 F.3d 1219, 1224-1225 (11th Cir. 2000)(holding that the plaintiff could not bring a claim of retaliation due to national origin in district court when the plaintiff failed to make any reference to discrimination due to national origin in his EEOC charge); Padilla v. North Broward Hosp. Dist., 270 Fed.Appx. 966, 970 (11th Cir. Mar. 27, 2008)(finding that the plaintiff's allegations of religious harassment were not properly before the court because the plaintiff failed to include this claim in his EEOC charge); Woullard v. Johnson, slip op., 2006 WL 212823, at *5 (N.D.Fla. Jan. 26, 2006)(dismissing the plaintiff's claims of gender and religious discrimination , in part, because the plaintiff only mentioned race-based discrimination in his EEOC charge and the focus of the administrative proceedings was on the race-based discrimination).

Third, her claim of discrimination due to religion could not have reasonably been expected to grow out of her EEOC sex-discrimination charge. Compare Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) (permitting a retaliation claim to proceed even though a retaliation claim had not been alleged in the EEOC charge because the claimant had complained of termination due to race and sex and a retaliation of race and sex discrimination "was inextricably intertwined with [plaintiff's complaints of race and sex discrimination"); see Enwonwu v. Fulton-Dekalb Hospital Authority, 286 Fed.Appx. 586, 600 (11th Cir. May 18, 2008)(finding that the plaintiff's race and national origin discrimination

7

claims "were appropriately barred because those charges could not reasonably be expected to grow out of the EEOC disability charge."); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83-84 (2d Cir. 2001)(finding religious discrimination not reasonably related to EEOC charge alleging discrimination based on sex); Rilington v. Bergelectric Corp., slip op., 2010 WL 1976629, at *1 (S.D.Ga. Apr. 28, 2010)(finding a religious discrimination claim "is a wholly distinct theory that cannot have been expected to grow out of the initial charge" of racial discrimination.).

In light of the foregoing, Ms. Kaul's allegations of religious discrimination are not properly before this court, thus partial summary judgment is due to be granted.

## CONCLUSION

After due consideration of the matter presented and for the reasons set forth herein, it is **ORDERED** that BRGC's motion for partial summary judgment (Doc. 32) is **GRANTED**.

**DONE and ORDERED** this 4th day of November, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE